OPINION of the Court, by
Judge Wallace.
aPPe^ant’ w^° was complainant in the court below, founds his equity on the following entry: “June 5, 1780-John Wilson, assignee, &c. enters 500 acres, up* 011 a treasury warrant, on a branch of Jouitt’s creek, at a spring, known by the name of M’Millin’s spring, waters of Kentucky, joining David M’Ghee’s land on the eaSt s^e’ towards the fork of Howard’s creek.” It is proven that jouitt’s creek and Howard’s creek were sufficient!}7 notorious when this entry was made, and it 's not s^ewn {^at David M’Ghee had then located any other land in their vicinity but a settlement right. His certificate from the commissioners is as follows : “ December 2lst, 1779 — David M’Ghee this day claimed a settlement and pre-emption to a tract of land in the district of Kentucky, lying on the head of Jouitt’s creek, a branch of Kentucky river, joining the survey of James Hickman and Patrick Henry, by settlement made in the year 1775, and raising a crop of corn in the year 1776. Satisfactory proof beinff made to the court, they are of ’ j opinion, that the said M’Ghee has a right to a settlement of 400 acres, including the said improvement, &c.” This improvement is also proven to have been wellknown. ’ t i and must be presumed to have been so ; because, from the certificate, aided by the testimony, it appears to foave beea an actual settlement: and moreover, because . , , ’ it is likewise m testimony, that there was a station at the place ; and from, this latter circumstance, it might perhaps be presumed, that the surveys of Hickman and Henry were well known : consequently, that the situation and form of M’Ghee’s land could have been: ascertained. To the east side of this land* Wilson’s entry calls to adjoin. It also calls to be at a spring, known by the name of M’Millin’s spring ; and a spring is now shewn on a branch of Jouitt’s creek, which is proven, by one witness, to have been known by the name of M’Millin’s spring at the date of the entry ; and that he believed a person, by reasonable enquiry, might have *35 found it. And another witness proves that, in the summer of 1776, this spring was called and generally known by the name of M’Millin’s spring, and that he has known it by that name ever since. It might well be doubted whether the notoriety of this spring, by the name of M’Millin’s spring, is sufficiently established by the testimony which has been recited, had no counter testimony been produced/ But a great number of witnesses, who about that time were conversant in the neighborhood, have deposed, that they never knew the spring by that name, nor remember to have heard it so called, and that the place resembled a wet weather drain more than a spring. The fact therefore must be considered as disproved, and the entry thereby rendered unsustainable. Indeed it has been urged, that it is an established rule of law, that positive evidence cannot be destroyed by that which is negative. But it seems to the court, that this rule only applies to the proof of those particular facts where hearsay testimony is not admissible ; and even in, many cases of that kind negative testimony^ ought to operate as strong presumptive evidence. Certain it is, that all cases which may be proven by hearsay testimony are exceptions to the rule, and proof of the negative will have nearly' the same weight as that of the positive, where, it appears that the witnesses had equal opportunities of information : and this is more peculiarly the case where, general character is in question ; and it is conceived that the case under consideration is very similar to that of general character. The notoriety of this spring, by the name of M’Miilin’s spring, not havuig been established, it need not be observed that the ales,cription given of it is not sufficiently special and precise, and so the court below has virtur ally decided. — i—Decree affirmed.
Same principle, Speed vst Wilfon, pr, dec. 9 5 —Cox vs. Smith — Craig vs. Machir— W’ard'SS Kenton vs. Lee, ajfgn-ee of Young — * fVilUatns vs. Taylor,fall term 18 o 8 - - NT' Clu re vs IVinlock, fpring term 1809 — Hogland vs. Shepherd9 Smith vs. Farley , Neale, &c+ vs. Galloway, fall term 1809 —Hendricks vs. Bell, spring term 1814,

 Note. — M’Ghee’s pre-emption being unlocated, the call for his land ⅛ a call for his fettUment cnly.-See Craig vs. Macbir, ate 10.